STACY HENSLEY, APPELLANT, V. CHICAGO, ST. PAUL, MINNEAPOLIS & OMAHA RAILWAY COMPANY, APPELLEE.

FILED APRIL 6, 1934. No. 29043.

*Rosewater, Mecham & Hasselquist* and *Donald S. Krause,* for appellant.

*Wymer Dressler, Robert D. Neely, Hugo J. Lutz* and *Paul S. Topping, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY and PAINE, JJ., and MEYER, District Judge.

ROSE, J.

This is an action to recover damages in the sum of $30,000 for personal injuries. Defendant is a common carrier operating a railroad and engaged in both interstate and intrastate commerce. Plaintiff was a section hand. While engaged in the line of his employment by defendant, unloading scrap iron from a flat-car onto a storage platform at Emerson, he stepped onto the wheel of a disappearing hand brake to look into an adjacent gondola car to see what tools would be needed in removing scrap iron therefrom. His weight suddenly forced the brake shaft downward through its sleeve until the brake wheel was flush with the floor of the flat-car. Plaintiff fell between the cars and was injured. He alleged in his petition that he got upon the brake wheel carefully with due regard to, and in line of, his duty "as prescribed by the defendant," and that defendant kept the brake wheel and all the parts on which it rested in a "careless, negligent, unsafe, loose, shaky and wabbly condition," and that by reason thereof he sustained the injuries of which he complains. He pleaded his case solely under the federal employers' liability act. Defendant denied that plaintiff was engaged in interstate commerce when injured. Upon a trial of the cause the jury rendered a verdict in favor of plaintiff for $14,000. From judgment therefor defendant appealed. Upon a review of the proceedings and judgment of the district court, the issues and evidence were fully considered, and it was held that plaintiff was not engaged in interstate commerce when injured and that therefore he was not entitled to recover damages

under the federal employers' liability act. The judgment of the district court in favor of plaintiff was reversed and the cause remanded for further proceedings consistent with the opinion of the supreme court. The case as originally pleaded and tried and the law applicable thereto were explained at length in the former opinion, making further repetition in this preliminary statement unnecessary. See *Hensley v. Chicago, St. P., M. & O. R. Co.*, 118 Neb. 690.

Long after the cause reappeared in the district court pursuant to the mandate of the supreme court, plaintiff moved to amend his petition on the ground that, as originally drawn, it permitted him to recover damages under both federal and state laws, independently of the federal employers' liability act. The motion to amend was overruled and the action dismissed. Plaintiff appealed.

Did the district court err in overruling the motion to amend the petition and in dismissing the action? Following is a chronology of events: September 28, 1923, plaintiff injured; April 27, 1925, action for damages commenced; March 20, 1926, judgment in favor of plaintiff for $14,000; July 2, 1929, reversal in supreme court; August 19, 1929, mandate issued; November 25, 1929, motion by defendant in district court to dismiss action; February 15, 1933, action dismissed; May 24, 1933, motion by plaintiff to vacate dismissal and amend petition; October 16, 1933, dismissal set aside and action again dismissed; November 7, 1933, appeal from dismissal taken to supreme court.

On the former appeal there was an adjudication that plaintiff did not prove a cause of action under the federal employers' liability act. It will be observed that the motion to amend the petition was made nine years after the accident and eight years after the action was commenced. It is clear, therefore, that a cause of action under the federal safety appliance act or state laws, if first stated by an amendment of the petition, would be barred by the statute of limitations. One of the amend-

ments offered by plaintiff, if allowed, would have changed the word "interstate," where it is used in the petition, to "intrastate." The effect of this would have been to change the petition to allege that plaintiff was engaged in intrastate commerce instead of interstate commerce, when injured. Another amendment, if allowed, would have changed the petition to allege that plaintiff was "ordered and directed" to get upon the brake wheel.

Plaintiff argues that the facts constituting the actionable wrong were pleaded in the petition as first drawn and that he has a right to recover under the common law in force in Nebraska and under the Nebraska railroad employers' liability act and under the federal safety appliance act. It is further argued that the amendments would not introduce a new cause of action and that they should be allowed without regard to the lapse of time since the action was brought. This position seems to be untenable in view of the record and proceedings now presented for review. In reaching this conclusion, it has not escaped attention that, on February 5, 1934, the supreme court of the United States held that an interstate carrier's employee, if injured in interstate commerce, may bring an action under the federal employers' liability act in connection with safety appliance acts and predicate actionable negligence on a violation of the latter acts. *Moore v. Chesapeake & O. R. Co.*, 78 U. S. L. Ed. 488. It has also been observed that, in another recent decision by the same court, "A change of the legal theory of the action, 'a departure from law to law,'" recognized in *Union P. R. Co. v. Wyler*, 158 U. S. 285, was not accepted as a test of general validity, and a more liberal rule, permitting amendments of petitions to allow recovery under statutes not originally pleaded, was adopted. *United States v. Memphis Cotton Oil Co.*, 288 U. S. 62. The record now under consideration, however, prevents the application of those rulings to the present controversy.

The principle stated in the *Wyler* case was recognized in *Westover v. Hoover,* 94 Neb. 596. A Nebraska statute permits a change in a pleading, "when the amendment does not change substantially the claim or defense." Comp. St. 1929, sec. 20-852. The motion herein to amend the petition was made after trial, judgment, appeal and reversal. Amendments which change the nature of the action will not be allowed after judgment. *Scott v. Spencer,* 44 Neb. 93. Plaintiff went to trial on his own petition on the sole ground that he was injured in interstate commerce and that his right to recover rested on the federal employers' liability act alone. The case was tried and adjudicated on that theory. It was so presented and determined on appeal. In the original petition and at the trial there was no "claim" under any other law. Defendant was not required to answer or defend any different claim or plea under any other statute. In reviewing the proceedings and judgment under the original petition, the supreme court of Nebraska held that causes of action and defenses under the statutes upon which plaintiff now relies are different from the cause of action first pleaded under the federal employers' liability act, and that plaintiff "must either stand or fall upon the proposition that he is entitled to recover under that act." *Hensley v. Chicago, St. P., M. & O. R. Co.,* 118 Neb. 690. This, according to a general rule, is the law of the case in subsequent proceedings and upon a second appeal. In the light of the former rulings and adjudication, the amendments, if allowed, would amount to a departure from law to law and to a departure from fact to fact and introduce a new cause of action long since barred by the statute of limitations.

AFFIRMED.