MIKE EGAN, APPELLANT, V. STANDARD OIL COMPANY OF NEBRASKA, APPELLEE.

272 N. W. 327

FILED APRIL 2, 1937. No. 29805.

*Allen G. Fisher* and *Charles A. Fisher*, for appellant.

*W. H. Herdman* and *Nichols & Johnson, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY, PAINE and CARTER, JJ.

CARTER, J.

This is an action brought by the plaintiff, Mike Egan, against the defendant, Standard Oil Company, to recover damages for false imprisonment. The jury returned a verdict for plaintiff for $1,412.60. The trial court set aside the verdict and granted a new trial. Plaintiff refused to again try the case and stood upon the pleadings and the evidence offered. The trial court thereupon dismissed the action, and plaintiff appeals.

The verdict of the jury was returned on April 12, 1934. On April 14, 1934, defendant filed its motion for a new

trial which was sustained on September 12, 1935. On October 13, 1934, plaintiff filed a motion for judgment on the verdict, which was argued on May 26, 1935, together with plaintiff's motion for a reconsideration of defendant's motion for a new trial and the court's order sustaining it. On October 5, 1935, these motions were overruled and plaintiff's action dismissed, the court's order showing that "at this present session the plaintiff states that he elects to stand upon his petition and the proof as stating and establishing a cause of action for false imprisonment and refuses to amend his petition to state a cause of action for false imprisonment or again try this action on the present petition as an action for malicious prosecution only or at all."

The order of the trial court sustaining defendant's motion for a new trial is not a final order from which a direct appeal can be taken to this court. *Brown v. Edgerton,* 14 Neb. 453, 16 N. W. 474; *Artman v. West Point Mfg. Co.,* 16 Neb. 572, 20 N. W. 873; *Johnson v. Parrotte,* 46 Neb. 51, 64 N. W. 363; *Ward v. Geary,* 115 Neb. 58, 211 N. W. 208. The order of the trial court overruling plaintiff's motion for judgment on the verdict and for a reconsideration of the court's order granting a new trial is not an appealable order for the same reason. The plaintiff is not, therefore, in position to complain of the court's rulings on these orders on this appeal.

Did the court err in dismissing plaintiff's action? Plaintiff failed to have a bill of exceptions settled and filed in this appeal. We have no way of knowing what happened in the trial court except what is shown by the transcript. There it appears that plaintiff refused to again try the case after a new trial was granted. Under such circumstances, the trial court has but one course to pursue and that is to dismiss plaintiff's case for want of prosecution. This the trial court did. There being no error affirmatively appearing from the record that is before us, we necessarily conclude that the trial court's action was in all respects proper.

AFFIRMED.