MIDDLESEX MUTUAL ASSURANCE COMPANY *v.* NICHOLAS MASSARE

APPELLATE SESSION OF THE SUPERIOR COURT

FILE No. 17

Argued February 11—decided March 5, 1975

*Richard A. Kapanka,* for the appellant (plaintiff).

*Richard W. Farrell,* for the appellee (defendant).

PER CURIAM. The plaintiff has appealed from the decision of the trial court granting the defendant's motion to expunge the first count of the second amended complaint. We dismiss this appeal of our own motion for lack of jurisdiction. Practice Book § 563.

This court has no jurisdiction because the order granting the motion to expunge the first count of the complaint was not a final judgment or action. Appeals to the Appellate Division of the Court of Common Pleas, from which this case was transferred pursuant to General Statutes § 52-5a, were

allowed only from final judgments or actions of the Circuit Court. General Statutes § 51-265 (later amended; see § 52-6a); *State* v. *Chapnick,* 30 Conn. Sup. 518, 521. A basic test of finality is whether the order concludes the rights of the parties so that further proceedings cannot affect them. See *E. J. Hansen Elevator, Inc.* v. *Stoll,* 167 Conn. 623, 627; *Prevedini* v. *Mobil Oil Corporation,* 164 Conn. 287, 292.

As an interlocutory ruling, the granting of the motion to expunge was not a final judgment or action. In *State* v. *Kemp,* 124 Conn. 639, 643, our Supreme Court stated: "Such rulings are those made in the course of the proceeding, the object of which is to bring the parties to, and present to the court for determination, the ultimate issues which determine the right of a party to the relief he claims, but which neither terminate the action nor determine those issues in such a manner as to put it *beyond the power of the court to alter its decision* except as it may reopen the judgment it has rendered." (Italics supplied.) See also *Guerin* v. *Norton,* 167 Conn. 282, 283; *Luliewicz* v. *Eastern Malleable Iron Co.,* 126 Conn. 522, 525.

The issues here have not been determined in such a manner that it is beyond the power of the court to alter its decision. The rights of the plaintiff are not finally foreclosed by the ruling on the motion to expunge; the case against the defendant is still open; and judgment might still be rendered against him on present or future pleadings. *State* v. *Kemp,* supra, 644; see Practice Book § 100.

The appeal is dismissed by the court suo motu.

BARBER, SPEZIALE and SPONZO, Js., participated in this decision.