ERVIN MARTIN, APPELLEE, V. DELMER ZWEYGARDT, APPELLANT.

261 N. W. 2d 379

Filed January 11, 1978. No. 41438.

Holtorf, Hansen, Kovarik & Nuttleman, for appellant.

Wright & Simmons, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

BOSLAUGH, J.

This was an action for damages for a breach of warranty in the sale of a farm tractor at auction. The county court held the plaintiff's evidence as to damages was inadequate and dismissed the action at the close of the plaintiff's evidence. The plaintiff appealed to the District Court where the judgment of the county court was vacated and the cause

remanded for a new trial in the county court on all issues.

The defendant has appealed to this court. The plaintiff has moved to dismiss the appeal on the ground there was no final order from which an appeal could be taken.

An order which affects a substantial right in an action and in effect determines the action is a final order. § 25-1902, R. R. S. 1943. When the substantial rights of the parties in the action remain undetermined and the cause is retained for further action, the order is not final. Barry v. Wolf, 148 Neb. 27, 26 N. W. 2d 303. Prior to the enactment of section 25-1315.03 in 1947, an order of the District Court granting a new trial in that court was not an appealable order. Egan v. Standard Oil Co., 132 Neb. 518, 272 N. W. 327.

The order in question here vacated the judgment of the county court and remanded the cause for a new trial in the county court. The general rule is that a judgment of reversal with a remand for further proceedings is not final for the purposes of appeal. See, 4 Am. Jur. 2d, Appeal and Error, § 59, p. 580; 4 C. J. S., Appeal and Error, § 152(i), p. 506.

Ribble v. Furmin, 69 Neb. 38, 94 N. W. 967, cited by the defendant, is not controlling. It involved an order of the District Court which reversed an order of the county court and directed that leave be granted to file a belated claim in an estate proceeding. The order of the District Court was held to be an appealable order on the theory that the proceeding for leave to file the belated claim was separate from the hearing on the claim itself.

We conclude there has been no final order in this case and the appeal must be dismissed.

APPEAL DISMISSED.