KNOELL CONSTRUCTION CO., INC., APPELLANT, V.
JAMES A. HANSON ET AL., APPELLEES.

303 N.W.2d 314

Filed March 20, 1981. No. 43438.

Steven O. Stumpff of Stumpff & Washburn for appellant.

Carlos E. Schaper and John O. Sennett for appellees.

Heard before KRIVOSHA, C.J., McCOWN, BRODKEY, and HASTINGS, JJ., and HICKMAN, District Judge.

McCOWN, J.

This is the second appearance of this case in this court. In *Knoell Constr. Co., Inc. v. Hanson*, 205 Neb. 311, 287 N.W.2d 439 (1980), this court reversed a judgment for $11,267.50 in favor of the plaintiff and remanded the cause to the District Court for a new trial. The action was to foreclose a mechanic's lien grounded on land leveling work done on defendants' property. Plaintiff alleged an express contract as the basis for recovery. At the conclusion of plaintiff's evidence plaintiff requested leave to amend the petition to allege quantum meruit as the basis for recovery. Leave was granted over defendants' objection. Verdict and judgment for plaintiff followed. On appeal this court held that granting leave to amend the petition in that fashion at that stage of trial was erroneous and prejudicial and reversed the judgment and remanded the case for a new trial.

Upon return of the case to the District Court the

amendment of plaintiff's petition permitted at the former trial was stricken by the court. The plaintiff then orally moved for permission to amend its petition to allege quantum meruit as the basis for recovery rather than express contract. The District Court, apparently relying on *Hensley v. Chicago, St. P., M. & O. R. Co.*, 126 Neb. 579, 254 N.W. 426 (1934), rather than *Abbott v. Abbott*, 185 Neb. 177, 174 N.W.2d 335 (1970), determined that the tendered amendment would be barred by the statute of limitations and overruled plaintiff's motion. The court thereafter overruled plaintiff's motion for new trial and this appeal followed.

Neb. Rev. Stat § 25-1911 (Reissue 1979) provides for appeal only from "a judgment rendered or final order made." In the absence of a judgment or order finally disposing of a case, the Supreme Court has no authority nor jurisdiction to act, and in the absence of such judgment or order the appeal will be dismissed. *Wulf v. Farm Bureau Ins. Co.*, 188 Neb. 258, 196 N.W.2d 164 (1972).

An order overruling a motion for leave to amend pleadings is interlocutory and not appealable. *Troup v. Horbach*, 57 Neb. 644, 78 N.W. 286 (1899). See, also, *Wulf v. Farm Bureau Ins. Co., supra.*

The plaintiff's appeal is premature and is dismissed without prejudice.

DISMISSED WITHOUT PREJUDICE.