P. R. HALLIGAN POST 163, AMERICAN LEGION, APPELLANT, V. MILFORD SCHULTZ ET AL., APPELLEES.

322 N.W.2d 657

Filed July 30, 1982. No. 44263.

Sodoro, Daly & Sodoro, for appellant.

Kelley, Wallace, Scritsmier, Moore, Romatzke & Byrne, P.C., and Schneider and Nisley, P.C., for appellees.

Ray C. Simmons, P.C., for amicus curiae.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, WHITE, HASTINGS, and CAPORALE, JJ.

McCOWN, J.

This is an action against the parents of a 13-year-old boy to recover damages to a building and its contents allegedly caused when the minor willfully and intentionally set fire to the building.

The second amended petition alleges two causes of action. The first cause of action alleges that the parents are liable for the willful and intentional acts of their son under the provisions of Neb. Rev. Stat. § 43-801 (Reissue 1978). The second cause of action alleges that the parents were negligent in the supervision of their minor son in specified particulars. The defendants filed a demurrer to the amended petition of the plaintiff. The District Court sustained the demurrer as to the first cause of action on the basis that § 43-801 was unconstitutional. The court overruled the demurrer as to the second cause of action and that cause of action remains pending in the District Court. The plaintiff has appealed the dismissal of the first cause of action.

Neb. Rev. Stat. § 25-1911 (Reissue 1979) provides for an appeal from "[a] judgment rendered or final order made by the district court . . . ." Neb. Rev. Stat. § 25-1902 (Reissue 1979) defines a final order as "[a]n order affecting a substantial right in an action, when such order in effect determines the action and prevents a judgment . . . ."

In the absence of a judgment or order finally disposing of a case, the Supreme Court has no authority or jurisdiction to act, and in the absence of such judgment or order the appeal will be dismissed. *Knoell Constr. Co., Inc. v. Hanson,* 208 Neb. 373, 303 N.W.2d 314 (1981).

When the substantial rights of the parties in the action remain undetermined and the cause is retained for further action, the order is not final. *Martin v. Zweygardt,* 199 Neb. 770, 261 N.W.2d 379 (1978).

This court has not passed on the issue of whether the dismissal of one cause of action leaving another cause of action arising out of the same facts but asserting a different legal theory of recovery constitutes a final order for purposes of appeal. The majority of cases which have considered the precise issue under appeal provisions similar to those of Nebraska have held that the dismissal of one cause of action while another cause of action arising out of the same facts remains pending is not a final appealable order.

In *Weir v. Brune,* 364 Mo. 415, 262 S.W.2d 597 (1953), a suit was brought against the owners and lessors of a tenement for damages resulting when minor children were bitten by a rat. The petition alleged three causes of action, one based on violation of a city ordinance, one based on common-law negligence, and one based on breach of the rental contract. The trial court granted defendants' motion to dismiss as to the first cause of action only. The Supreme Court of Missouri held that there had been no final judgment, and that the dismissal was not appealable. The Missouri court said: "The judicial unit for an appeal is the final determination of the issues arising from a set of facts involved in the same transaction or occurrence, and not the determination of an individual issue not disposing of the action. An order dismissing some of several alternative

counts, each stating only one legal theory to recover damages for the same wrong, is not considered an appealable judgment while the other counts remain pending because the counts are concerned with a single fact situation. . . . It is the differing transactions or occurrences giving rise to a claim that forms the basis of separate units of judicial action and not the differing legal theories or issues presented for recovery. Neither the statutes nor our rules authorize litigants to bring one legal theory of recovery in a case to an appellate court while other legal theories of recovery on the same claim stand for trial. It is the final judgment on a claim, not the ruling on a pleaded issue, that is appealable." *Id.* at 419, 262 S.W.2d at 600. See, also, *Shoemaker v. City of Muscatine,* 275 N.W.2d 206 (Iowa 1979); *Stephens v. United Trust Life Insurance Company,* 118 Ga. App. 514, 164 S.E.2d 335 (1968); *Middlesex Mutual Assurance Co. v. Massare,* 32 Conn. Supp. 508, 338 A.2d 505 (1975).

In *North Indialantic Homeowners Ass'n v. Bogue,* 390 So. 2d 74, 75 (Fla. App. 1980), the Florida court said: "Piecemeal appeals are not permitted where claims are interrelated and involve the same transaction and the same parties remain in the suit. [Citation omitted.] An order dismissing one of several counts all arising out of the same factual circumstances is not an appealable final order. . . . Although the count dismissed here is based on a different legal theory than is the count which remains, it is based on the same factual background, and as such is not the type of appealable final order within the principles of *Mendez,* supra. The issues involved in both counts are clearly interrelated, they involve the same basic factual situation and the parties are the same. Under these circumstances, the order dismissing one count is not a final order and is not appealable."

In the present case the order dismissing plaintiff's

first cause of action while plaintiff's second cause of action arising out of the same factual circumstances and involving the same parties but asserting a different legal theory of recovery remains pending for trial does not constitute a final appealable order. The appeal is dismissed as premature.

APPEAL DISMISSED.