WILLIAM K. LAKE, APPELLANT, V. PIPER, JAFFRAY AND HOPWOOD INCORPORATED ET AL., APPELLEES.

324 N.W.2d 660

Filed September 17, 1982. No. 82-041.

Frank Matthews of Matthews, Cannon & Riedmann, P.C., for appellant.

James P. Fitzgerald of McGrath, North, O'Malley & Kratz, P.C., for appellee Omaha P. P. Dist.

Michael A. Nelsen of Schmid, Ford, Mooney &

Frederick, and Gordon G. Busdicker of Faegre & Benson, for appellee Piper, Jaffray & Hopwood Inc.

KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, WHITE, and HASTINGS, JJ.

PER CURIAM.

This is a consolidated appeal involving two class action cases brought by the plaintiff, William K. Lake (Lake), a ratepayer of the Omaha Public Power District (OPPD), against OPPD and its financial advisor, Piper, Jaffray and Hopwood Incorporated (Piper, Jaffray). One of the suits alleged that a March 17, 1977, contract for Piper, Jaffray to act as OPPD's financial advisor was illegal and void in violation of Neb. Rev. Stat. § 70-624.01 (Reissue 1981). The other suit alleged that OPPD violated the public meetings act, Neb. Rev. Stat. §§ 84-1408 et seq. (Reissue 1981), in appointing Piper, Jaffray as financial advisor and agreeing to pay Piper, Jaffray a fixed fee of $184,000 for its services in connection with a bond issue. Both defendants filed demurrers to the petitions.

In the contract action the District Court for Douglas County sustained the defendants' demurrers and dismissed the action. The District Court found that the plaintiff lacked legal capacity to sue, either as an individual or on behalf of a class. It also found that the plaintiff should have made a demand on OPPD prior to bringing the action to set aside the contract.

In the public meetings suit the District Court sustained the demurrers in part and overruled them in part. The court held that the plaintiff could not maintain the action as a class action, but could maintain it individually. The court also held that the plaintiff had stated a cause of action.

The plaintiff appeals and assigns the following errors: (1) With respect to the contract action

(a) the court erred in ruling that the plaintiff lacked legal capacity to sue on behalf of the members of a class consisting of those who purchase electrical service from OPPD, and (b) the court erred in ruling that the plaintiff lacked legal capacity to bring an action in his own name as an individual. (2) With respect to the public meetings suit the court erred in ruling that the plaintiff lacked legal capacity to sue on behalf of the members of a class consisting of those who purchase electrical service from OPPD.

We affirm the judgment in the contract action. As to the public meetings lawsuit, although we do not disagree with the court's reasoning as to plaintiff's capacity to maintain the action as a class action, we dismiss the appeal since the order complained of was not a final order from which an appeal may be prosecuted.

In 1977 OPPD, because of a drop in bond interest rates, was considering two plans to refund previously issued bonds. One plan was submitted by Lazard Freres & Co., a New York investment banking firm, and the other plan was submitted by Piper, Jaffray, an investment banking firm with an office in Omaha, Nebraska.

On January 31, 1977, the OPPD board of directors named Piper, Jaffray as financial advisor to OPPD in addition to Lazard Freres, its financial advisor at that time. On February 1, 1977, OPPD entered into a contract with Piper, Jaffray, which provided that a fee for Piper, Jaffray's development of a refunding/refinancing plan would be determined by agreement between Piper, Jaffray and OPPD's finance committee. At a February 7, 1977, meeting, OPPD approved the Piper, Jaffray refunding/refinancing plan and appointed Piper, Jaffray as OPPD's sole financial advisor. Another meeting was held on February 16, 1977. At this meeting, OPPD's board of directors reconsidered the Piper, Jaffray plan and

contract, and reaffirmed its action taken at the February 7, 1977, meeting. OPPD also agreed to pay Piper, Jaffray a fee of $184,000 for its services for the refunding plan and the issuance of $200 million in bonds. Finally, on March 17, 1977, the OPPD board of directors authorized an agreement with Piper, Jaffray for continuing financial consulting services and assistance in reviewing engineering and operating costs, the development of a financial plan, and assistance with a bond offering. The agreement provided that fees would be based on the size of the bond issue. The agreement was terminable at will by OPPD on 30 days' notice.

Beginning in 1977 the plaintiff filed the first of a series of petitions against the defendants, attacking the same action of OPPD which is the object of the present litigation. The plaintiff's third amended petition, filed on November 15, 1978, was challenged by the demurrers of the defendants. The District Court sustained the demurrers as to the second cause of action and overruled them as to the first cause of action, but ordered the plaintiff to separately state and number the various causes of action alleged therein. The present actions were filed on August 27, 1981, as a result of those procedural steps taken in the previous lawsuit.

We will first discuss the public meetings lawsuit. It has long been the rule in this state that the Supreme Court has jurisdiction only to hear appeals from final orders. Neb. Rev. Stat. § 25-1911 (Reissue 1979). A final order is defined in Neb. Rev. Stat. § 25-1902 (Reissue 1979) as "[a]n order affecting a substantial right in an action, when such order in effect determines the action and prevents a judgment, and an order affecting a substantial right made in a special proceeding, or upon a summary application in an action after judgment . . . ."

In *Anson v. Kruse,* 147 Neb. 989, 990, 25 N.W.2d 896, 897 (1947), this court construed § 25-1902 as follows:

" 'A decree to be final must dispose of the whole merits of the case, and leave nothing for the further consideration of the court. An order is final when it affects a substantial right and determines the action. . . . When no further action of the court is required to dispose of the cause pending, it is final; when the cause is retained for further action, as in this case, it is interlocutory.' "

When a substantial right is undetermined and the cause is retained for further action, the order is not final. *Martin v. Zweygardt,* 199 Neb. 770, 261 N.W.2d 379 (1978).

In this action the District Court sustained that part of the demurrers challenging the class action. However, the court also held that the plaintiff had stated a cause of action and allowed the cause to be continued by the plaintiff individually. The merits of the case have not been disposed of. Therefore, the order sustaining the demurrers as to a class action is interlocutory. No substantial right of the plaintiff has been affected by the denial of class action status since he was allowed to continue the cause on behalf of himself. This case can be distinguished from *Blankenship v. Omaha P. P. Dist.,* 195 Neb. 170, 237 N.W.2d 86 (1976). In *Blankenship* the court granted a motion for summary judgment and dismissed the action. The granting of the motion for summary judgment in *Blankenship* determined the merits of the plaintiff's claim. In the present case the merits have not been determined, nor has the relief sought been affected in any way. *P. R. Halligan Post 163 v. Schultz, ante* p. 329, 322 N.W.2d 657 (1982). Since there is no final order, this court is without jurisdiction. The appeal in the public meetings lawsuit is therefore dismissed.

In the contract action the District Court held: "1. That the plaintiff does not have the legal capacity to bring this action, either individually or as a class action. . . . 2. Plaintiff's petition does not state

facts sufficient to constitute a cause of action inasmuch as no allegation of demand upon defendant OPPD was made prior to the action complained of."

In *Sesemann v. Howell,* 195 Neb. 798, 801, 241 N.W.2d 119, 121 (1976), we held: "Ordinarily a demand upon the responsible officers of the governmental subdivision or municipal corporation that they take action is necessary and a condition precedent to the right of a taxpayer to maintain an action for the recovery of funds on behalf of the governmental entity."

In *Evans v. Metropolitan Utilities Dist.,* 184 Neb. 172, 174-75, 166 N.W.2d 411, 413 (1969), this court made the *Sesemann* rule applicable to public power ratepayers and utilities districts, stating: "The law in this respect is clear. The requirement of a demand to sue and a subsequent refusal or a waiver of demand by an indication on the part of the public corporation of an intent not to sue are conditions precedent to a representative or derivative suit on behalf of public corporations."

The plaintiff filed this action without any prior demand upon OPPD. He alleges that a demand would have been fruitless in this case and argues that the requirement that he make a demand prior to instigating a lawsuit should be waived. In addition to this he argues that his filing of a prior action (also filed prior to demand), and OPPD's opposition to it by way of demurrer, should be sufficient to constitute a prior demand or at least show that a demand would have been futile.

The rule is clear. A prior demand is necessary before an action may be commenced. The plaintiff's previous action stands on the same ground as the present case, since it too was filed prior to a demand upon OPPD. To consider the previous action as a demand would undermine the rule we have adopted. The plaintiff, in his petition, alleged that a demand would have been useless. However, he does

not allege any facts which would support the allegation. " 'Public officers are always presumed, in the absence of any showing to the contrary, to be ready and willing to perform their duty; and until it is made to appear that they have refused to do so, or have neglected to act under circumstances rendering this equivalent to a refusal, there is no occasion for the intervention of the citizen for the protection of himself and others similarly situated.' " *Reiter v. Wallgren,* 28 Wash. 2d 872, 877, 184 P.2d 571, 573 (1947).

We adopt the reasoning of the Washington Supreme Court. In order for the plaintiff to rebut this presumption, he must first allege and prove that OPPD had done something wrong, that it was pointed out to OPPD, and that it would have rejected his demand.

In the case at bar the plaintiff has done exactly what the prior demand rule sought to eliminate. To allow him to maintain this action would abolish the prior demand rule. We agree with the District Court's dismissal of the contract action since no prior demand was made upon OPPD. The District Court's judgment sustaining defendants' demurrers to the contract action is therefore affirmed.

Since this action is affirmed on the grounds that no prior demand was made, it is not necessary that we discuss the denial of class action status, as it will not change the outcome of this appeal.

AFFIRMED AS TO CONTRACT ACTION.
APPEAL DISMISSED AS TO PUBLIC
MEETINGS ACTION.