ALBERT E. INTERHOLZINGER AND FRANK
INTERHOLZINGER, APPELLANTS, V. ESTATE OF GEORGE
DENT, JR., DECEASED, ET AL., APPELLEES.

333 N.W.2d 895

Filed May 6, 1983. No. 82-180.

Martin A. Cannon of Matthews, Cannon & Riedmann, P.C., for appellants.

Joseph F. Bataillon of Sodoro, Daly & Sodoro, for appellees.

KRIVOSHA, C.J., BOSLAUGH, McCOWN, WHITE, HASTINGS, and CAPORALE, JJ.

CAPORALE, J.

This proceeding is a legal malpractice action wherein Albert E. Interholzinger and Frank Interholzinger, plaintiffs, appeal from the trial court's summary judgment in favor of the Estate of George Dent, Jr., and Maupin, Dent, Kay, Satterfield, Girard, and Scritsmeier, a partnership, defendants-appellees. The Interholzingers claim the trial court erred in finding that their action is barred by the period of limitations. We affirm in part and reverse in part.

The pleadings, depositions, and documents received in evidence on the hearing upon the defendants' motion for summary judgment reveal that, since at least the early 1930s, the plaintiffs were involved in the operation of what became North Platte Packing, Inc. (or Company, the record is not clear), a corporation in which the plaintiffs herein were the sole stockholders. For a variety of reasons, including the advancing age of the Interholzingers and the dwindling profitability of the operation, they attempted to sell the business. At the time this decision was reached, certain land in fact owned by the plaintiffs personally was titled in the corporation for reasons which are not material to this action. A sale was negotiated by their longtime attorney, the late George Dent, Jr., whose instructions were to ex-

clude the private land from the sale of the packing plant business. Mr. Dent negotiated a sale of the corporation's stock to Eastern Oil, Inc., for $350,000. Eastern Oil paid $25,000 of that sum to Mr. Dent, to be held in escrow pending certain approval from the U.S. Department of Agriculture. That purchase agreement, bearing a December 1976 dateline, excluded the private land in question from the assets to be sold. Although Mr. Dent obtained deeds from North Platte Packing conveying the private land to the plaintiffs personally, those deeds were neither delivered to plaintiffs nor recorded.

Notwithstanding the fact that the purchase agreement was never executed by Eastern Oil, it took possession of the packinghouse premises and operated the business until March or April of 1977, when it abandoned the operation. According to Ruth Interholzinger, Albert Interholzinger's wife, Mr. Dent advised the plaintiffs in March or April of 1977 that since the sale to Eastern Oil had not been consummated, North Platte Packing was still owned by the plaintiffs and that the debts incurred by Eastern Oil must now be taken over by plaintiffs. On June 7, 1977, the plaintiffs herein signed a listing agreement in Mr. Dent's office with Edward W. Johannesen which empowered Johannesen to sell the packing operation recently abandoned by Eastern Oil, together with their private land and other properties. That document listed the private land along with various other corporate assets. Albert Interholzinger testified he did not read the listing agreement, saying that although he knew how to read, he was virtually blind and physically unable to do so. Frank Interholzinger did not state whether he read the listing agreement. The private land was sold on July 12, 1978, at which time plaintiffs signed North Platte Packing deeds conveying the private land; the proceeds therefrom, along with other funds, were used to partially satisfy North Platte Packing's debts.

This lawsuit was filed on July 30, 1979; the fourth amended petition alleges two causes of action, the first for money had and received by the deceased George Dent, Jr., in the sum of $25,000, and the second for Mr. Dent's alleged negligence in the practice of law. That second cause of action takes an uncertain and dispersive approach, claiming that virtually everything Mr. Dent did in connection with negotiating the sale to Eastern Oil constituted various separate and independent acts of negligence. The evidence and arguments, however, focus upon the following specific allegations of negligence:

"9. In instructing and advising the plaintiffs, after the 'Eastern Oil, Inc.' people absconded, that they could not salvage the land from the corporation, and requiring them as corporate officers to offer it for sale by the corporation;

"10. In permitting said lands to be so sold and the proceeds paid to corporate creditors."

We agree with the trial court that specification 10 above is merely descriptive of the foreseen consequences of specification 9. Specification 10, therefore, adds nothing.

Following the filing of an answer, which in essence denies the allegations of plaintiffs' fourth amended petition, the defendants filed a motion for summary judgment. The trial court sustained the motion as to the negligence cause of action and overruled it as to the cause for money had and received.

We must first address the claim of the defendants that inasmuch as one of plaintiffs' causes of action is still pending in the trial court, there has been no final appealable order. That position is taken in reliance upon four recent cases of this court. *Lake v. Piper, Jaffray & Hopwood Inc.*, 212 Neb. 570, 324 N.W.2d 660 (1982); *P. R. Halligan Post 163 v. Schultz*, 212 Neb. 329, 322 N.W.2d 657 (1982); *Knoell Constr. Co. v. Hanson*, 208 Neb. 373, 303 N.W.2d 314 (1981); *Martin v. Zweygardt*, 199 Neb. 770, 261 N.W.2d 379 (1978).

That reliance is misplaced. *Lake* held only that, as a general rule, where a plaintiff is allowed to continue the prosecution of a cause on his own behalf but is denied class action status, there has been no final order. *Knoell Constr. Co.* involved an order overruling a motion for leave to amend pleadings, clearly interlocutory in nature. In *Martin v. Zweygardt* the District Court vacated a county court judgment and remanded the cause for a new trial. We held the general rule to be that a judgment of reversal with remand for further proceedings is not final for the purpose of appeal. None of those cases are apposite to the situation presented to us in this case. We are not confronted with the denial of class status, the refusal to allow the amendment of a pleading, or the remanding of a case for further proceedings. We are confronted with a suit presenting two separate factual occurrences. Not only did Mr. Dent receive and hold money, he also performed legal services. Although the facts relevant to the claim of money had and received may indeed overlap in some measure with those relevant to the claim of negligence, there are, nonetheless, two separate and distinct factual occurrences with separate and self-contained alleged breaches, along with separate and self-contained remedies therefor. *Kohler v. Ford Motor Co.*, 187 Neb. 428, 191 N.W.2d 601 (1971), states it is the general facts upon which the right to recover is based that determine a cause of action; that is to say, a cause of action consists of the set of facts on which a recovery may be had. A cause of action, in a general sense, is a claim or subject matter upon which an action may be maintained. 1 C.J.S. *Actions* § 8(b) (1936). This case differs, therefore, from *P. R. Halligan Post 163 v. Schultz, supra,* wherein we held an order dismissing one theory of recovery while a second theory of recovery based upon the same cause of action, that is, the same set of operative facts, remained pending for trial did not constitute a final appealable order.

The distinction is that in *Halligan* there was but one factual sequence, the burning of a building; this gave rise to but one cause of action although two different legal theories of recovery, one theory based on statute and the other grounded in negligence. Therefore, *Halligan* presented a single cause of action with two theories of recovery, whereas this case presents two separate causes of action, each cause incidentally having its own theory of recovery. The summary judgment dismissing plaintiffs' cause of action for alleged legal malpractice is a final appealable order notwithstanding the fact that the separate and distinct cause of action for money had and received still pends for trial.

We must therefore consider plaintiffs' claim that their action is not barred by the period of limitations set forth in Neb. Rev. Stat. § 25-222 (Reissue 1979), which provides: "Any action to recover damages based on alleged professional negligence or upon alleged breach of warranty in rendering or failure to render professional services shall be commenced within two years next after the alleged act or omission in rendering or failure to render professional services providing the basis for such action; *Provided*, if the cause of action is not discovered and could not be reasonably discovered within such two-year period, then the action may be commenced within one year from the date of such discovery or from the date of discovery of facts which would reasonably lead to such discovery, whichever is earlier; *and provided further*, that in no event may any action be commenced to recover damages for professional negligence or breach of warranty in rendering or failure to render professional services more than ten years after the date of rendering or failure to render such professional service which provides the basis for the cause of action."

The relevant questions, then, are: Was there an act of malpractice? If so, when did it occur and when did plaintiffs' cause of action accrue?

The most chronologically recent act of alleged legal negligence within the reach of specification 9 above was the failure of Mr. Dent, not having completed the conveyance of the subject land from North Platte Packing to plaintiffs before Eastern Oil incurred debts, to advise plaintiffs they had a right to litigate whether such land was in fact a part of the corporate assets so as to be available to North Platte Packing's creditors.

We have stated that the point at which a statute of limitations commences to run must be determined from the facts of each case; a cause of action accrues, and the statute of limitations begins to run, when the aggrieved party has the right to institute and maintain suit, even though such plaintiff may be ignorant of the existence of the cause of action. *Jones v. Johnson*, 207 Neb. 706, 300 N.W.2d 816 (1981); *T. S. McShane Co., Inc. v. Dominion Constr. Co.*, 203 Neb. 318, 278 N.W.2d 596 (1979); *Jirka v. Prior*, 196 Neb. 416, 243 N.W.2d 754 (1976). In *Kohler v. Ford Motor Co.*, *supra*, we observed that without injury there is no cause of action at all. Injury, however, does not mean that the nature and extent of damages must be known. Injury occurs in a tort action as soon as the act or omission takes place. *Grand Island School Dist. #2 v. Celotex Corp.*, 203 Neb. 559, 279 N.W.2d 603 (1979).

In our analysis we must first determine, then, when plaintiffs knew, or should have known, that their personal interests, because of Dent's failure to remove their private land from the assets of North Platte Packing, were being sacrificed to North Platte Packing's creditors.

There is nothing in Ruth Interholzinger's testimony as to the meeting which occurred in March or April of 1977, wherein Mr. Dent told plaintiffs they would have to take over the debts, which need have put plaintiffs on notice that their private land was going to be involved. A reading of the June 7, 1977, listing agreement, however, would have advised the

plaintiffs that their private land was still North Platte Packing's property. Under our law, in the absence of fraud one who signs an instrument without reading it, when he can read and has the opportunity to do so, cannot avoid the effect of his signature merely because he was not informed of the contents of the instrument. *Erftmier v. Eickhoff*, 210 Neb. 726, 316 N.W.2d 754 (1982); *Commodity Traders, Inc. v. Palmer*, 203 Neb. 667, 280 N.W.2d 49 (1979). There is nothing in the record to suggest that Mr. Dent was attempting to deceive the plaintiffs as to the true nature of the situation, there was no fraud, and there is nothing before us which excuses Frank Interholzinger from reading the document he signed, if he failed to do so. He is charged with knowledge of its contents and is bound thereby. As to Frank Interholzinger, the limitations clock began to run on June 7, 1977, the day he signed the listing agreement.

The situation as to Albert Interholzinger is, however, otherwise. There is nothing before us which contradicts his statements that he was physically unable to read the 1977 listing agreement and therefore did not do so. Neither is there anything before us which establishes its contents were explained to him. The evidence does not conclusively establish he knew or did not know at that time that the private land was to be sold as part of North Platte Packing.

Summary judgment may properly be granted where there exists no genuine issue as to any material fact, the ultimate inferences to be drawn from those facts are clear, and the moving party is entitled to judgment as a matter of law. *Galyen Petroleum Co. v. Hixson*, 213 Neb. 683, 331 N.W.2d 1 (1983); *First National Bank v. Rose*, 213 Neb. 611, 330 N.W.2d 894 (1983); *Snyder v. Nelson*, 213 Neb. 605, 331 N.W.2d 252 (1983). This is such a case as to Frank Interholzinger. However, since reasonable inferences from the evidence support different conclusions concerning the state of Albert Interhol-

zinger's knowledge, summary judgment is not appropriate as to him. The issue properly should be decided in bifurcated proceedings, as contemplated by Neb. Rev. Stat. § 25-221 (Reissue 1979).

The summary judgment in favor of the defendants as to plaintiff Frank Interholzinger is affirmed. The summary judgment in favor of the defendants as to the plaintiff Albert Interholzinger is reversed and the cause remanded for further proceedings.

AFFIRMED IN PART, AND IN PART REVERSED
AND REMANDED WITH DIRECTIONS.

SHANAHAN, J., not participating.