JAMES E.S. LEWIS, D.D.S., APPELLANT, V. ROBERT R. CRAIG,
D.D.S., APPELLEE.
463 N.W.2d 318

Filed November 30, 1990.   No. 88-732.

M.J. Bruckner and Michael K. High, of Bruckner, O'Gara, Keating, Sievers & Hendry, P.C., for appellant.

Edwin C. Perry and Gregory H. Perry, of Perry, Guthery, Haase & Gessford, P.C., for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

GRANT, J.

In the amended petition of James E.S. Lewis, D.D.S., plaintiff-appellant herein, against Robert R. Craig, D.D.S., defendant-appellee, plaintiff alleged that he had been damaged when defendant "published defamatory information about the plaintiff to various doctors of dental surgery and to various

hospitals . . . ." As stated in plaintiff's brief, the amended petition "set forth six causes of action: 1. Libel and slander; 2. Intentional infliction of emotional distress; 3. Invasion of priavacy [sic]; 4. Trade libel; 5. Product disparagement; and 6. Interference with business relationship." Brief for appellant at 1.

In his first cause of action, plaintiff alleged, in part, as follows:

3. Commencing on or about April 4, 1986, the defendant published defamatory information about the plaintiff to various doctors of dental surgery and to various hospitals throughout the State of Nebraska. These recipients understood that this defamatory material was about the plaintiff. This defamatory information consisted of, but is not to be limited to, some of the following:

a. Oral statements made . . . .

b. A letter dated . . . .

c. A telephone recording . . . .

4. All of the aforesaid defamatory statements were published by the defendant with actual malice.

5. On May 7, 1986, the plaintiff, by and through one of his attorneys, demanded a retraction of the April 15, 1986, letter in compliance with Neb. Rev. Stat. § 28-840.01 [sic]. The defendant refused to make a retraction.

Paragraphs 3, 4, and 5 were incorporated by reference in each cause of action except for the sixth, which incorporated only paragraph 3. In each cause of action except the second plaintiff prayed for "judgment against the defendant on his . . . Cause of Action for special damages, general damages as allowable by law, and costs of this action." In the second cause of action plaintiff prayed for "general damages as allowable by law, and costs of this action."

Defendant moved for summary judgment "on each of the plaintiff's claims . . . ." The court granted summary judgment with regard to the first and second causes of action, but denied the motion on the other four. The court found with regard to the first cause of action that, as a matter of law, the statements published by defendant were not defamatory as to plaintiff

because the statements were mere expressions of defendant's professional opinion and were privileged. The court also found that summary judgment was appropriate on the second cause of action because, as a matter of law, defendant's conduct and plaintiff's distress did not "even approach the conduct and emotional distress" required to support such an action, as set out in *Davis v. Texaco, Inc.*, 210 Neb. 67, 313 N.W.2d 221 (1981), and *Hassing v. Wortman*, 214 Neb. 154, 333 N.W.2d 765 (1983). The trial court overruled defendant's motion as to the remaining causes of action pled in the amended petition. Plaintiff appeals from the order insofar as it granted summary judgment.

Defendant alleges that this court is without jurisdiction to consider this matter because there is no final, appealable order. He alleges that the district court's granting of summary judgment on the first two causes of action is not a final, appealable order, because plaintiff may proceed on the other four. We review determinations made in the district courts only where there is "[a] judgment rendered or final order made by the district court . . . ." Neb. Rev. Stat. § 25-1911 (Reissue 1989). A final order is statutorily defined as an order which "determines the action and prevents a judgment" and as "[a]n order affecting a substantial right made in a special proceeding . . . ." Neb. Rev. Stat. § 25-1902 (Reissue 1989). We stated in *P. R. Halligan Post 163 v. Schultz*, 212 Neb. 329, 331, 322 N.W.2d 657, 658 (1982):

In the absence of a judgment or order finally disposing of a case, the Supreme Court has no authority or jurisdiction to act, and in the absence of such judgment or order the appeal will be dismissed. *Knoell Constr. Co., Inc. v. Hanson*, 208 Neb. 373, 303 N.W.2d 314 (1981).

When the substantial rights of the parties in the action remain undetermined and the cause is retained for further action, the order is not final. *Martin v. Zweygardt*, 199 Neb. 770, 261 N.W.2d 379 (1978).

In *Halligan*, we held that an order dismissing one cause of action while a second cause of action, arising out of the same "factual circumstances" and involving the same parties but asserting a different legal theory of recovery, remains pending

for trial does not constitute a final, appealable order. In the *Halligan* petition, the plaintiff alleged two causes of action seeking damages based upon a child's act in setting a building on fire. The first alleged that the parents of the child were statutorily liable for the willful and intentional acts of their child, while the second alleged they were liable in tort for negligently supervising their child. The first cause of action was dismissed on demurrer; the second was not. This court found that the appeal of the cause of action which had been dismissed was premature because the other remained pending before the district court.

Although the language in *Halligan* referred to separate "causes of action," only different theories of recovery based upon one set of facts were presented. We recognized this distinction in *Interholzinger v. Estate of Dent*, 214 Neb. 264, 268, 333 N.W.2d 895, 898 (1983), where we stated, "[A] cause of action consists of the set of facts on which a recovery may be had." In that case an attorney's estate was sued for the attorney's wrongly withholding money from a sale of property which belonged to the plaintiffs and for negligently performing certain legal services for plaintiffs.

This court found that because there were two separate and distinct factual occurrences, with separate and self-contained alleged breaches, there were in fact two separate causes of action. In the *Interholzinger* case, we held it proper to hear an appeal based on an order of summary judgment sustained as to only one of the causes of action. We distinguished *Halligan* on the ground that in *Halligan* there was only one set of operative facts, resulting in one cause of action.

In *Schoneweis v. Dando*, 231 Neb. 180, 183, 435 N.W.2d 666, 669 (1989), we reaffirmed the concept that two or more claims in a petition arising out of the same operative facts and involving the same parties constitute separate legal theories, either of liability or damages, and not separate causes of action, and summarized our holdings as follows:

> We have characterized a cause of action as the " 'judicial protection of one's recognized right or interest, when another, owing a corresponding duty not to invade or violate such right or interest, has caused a breach of that

duty.' " *Ravenna Bank v. Custom Unlimited*, 223 Neb. 540, 544, 391 N.W.2d 557, 560 (1986). Accord *First Nat. Bank of Omaha v. State*, 230 Neb. 259, 430 N.W.2d 893 (1988). We have also said that in a general sense, a cause of action is the claim or subject matter upon which suit may be maintained. In short, a cause of action consists of the fact or facts which give one the right to judicial relief. *Interholzinger v. Estate of Dent*, 214 Neb. 264, 333 N.W.2d 895 (1983). See, also, *Schuyler State Bank v. Cech*, 228 Neb. 588, 423 N.W.2d 464 (1988), which states that with respect to a demurrer, a statement of " 'facts sufficient to constitute a cause of action,' " as contemplated by § 25-806(6), means " 'a narrative of the events, acts, and things done or omitted which show a legal liability of the defendant to the plaintiff.' " 228 Neb. at 593, 423 N.W.2d at 468.

The plaintiff in *Schoneweis* claimed that representations made by a bank to others concerning the plaintiff's financial condition constituted a breach of her right of privacy and a breach of the bank's separate duty not to disclose personal financial information to third parties. The defendants alleged there was a misjoinder of causes of action. We stated:

Schoneweis' claims to judicial relief rest on but one body of facts, the essential feature of which is the alleged disclosure of her financial posture with First National to third persons. Thus, she seeks to recover under two legal theories which rest on that single body of facts . . . . Since both theories of recovery rest upon the same body of facts, Schoneweis has not misjoined causes of action.

*Id.* at 183-84, 435 N.W.2d at 669.

Plaintiff relies on the case of *Silence v. Journal Star Printing Co.*, 201 Neb. 159, 266 N.W.2d 533 (1978), in arguing that this case is properly before us on appeal. *Silence*, however, may be distinguished. In *Silence*, a restaurant in Lincoln sued a newspaper publishing company for libel based upon stories which alleged that coffee at the restaurant contained methamphetamine. Another short news item concluded the last article and related an incident in which a girl in Omaha was sold chocolate laced with LSD.

The plaintiffs' petition in *Silence* alleged five separate causes of action against the publisher. The first three dealt with the publication of the statement that the coffee contained methamphetamine. The fourth dealt with publication of an allegation that the coffee had been "dumped" in a way which implied that the plaintiffs had destroyed evidence before the police arrived. The fifth alleged that the item about chocolate laced with LSD implied that the chocolate was sold at the Lincoln restaurant.

The defendants moved for summary judgment on all five causes of action. The court granted the motion with regard to the fourth and fifth causes only. The plaintiffs then appealed the order to this court, where we treated the two causes of action which were dismissed as separate causes of action and affirmed the trial court's dismissal. The jurisdictional question was not presented in *Silence*, but it appears that the various aspects of the case, as in *Interholzinger*, were based upon separate and distinct facts.

It should be noted that *Silence* was decided before the adoption of Neb. Rev. Stat. ch. 20, art. 2 (Reissue 1987). Neb. Rev. Stat. § 20-209 (Reissue 1987) provides: "No person shall have more than one cause of action for damages for libel or slander or invasion of privacy or any other tort founded upon any single publication . . . ." Plaintiff herein, in his third cause of action, contends his rights under Neb. Rev. Stat. § 20-204 (Reissue 1987) were violated.

In the case at bar, although several statements were published, the damages resulting from the alleged defamation arose out of the same set of facts. We find that because all of plaintiff's theories are based on the same operative facts, summary judgment with regard to only two of the six theories does not constitute a final, appealable order which this court may consider. This appeal is dismissed as premature.

APPEAL DISMISSED.