SCHOOL DISTRICT NO. 8 OF KEITH COUNTY, NEBRASKA, ET AL., APPELLANTS, v. SCHOOL DISTRICT NO. 15 OF KEITH COUNTY, NEBRASKA, ET AL., APPELLEES.

164 N. W. 2d 438

Filed January 31, 1969. No. 36962.

Firmin Q. Feltz, for appellants.

Frank B. Svoboda, for appellees.

Heard before WHITE, C. J., BOSLAUGH, SMITH, and McCOWN, JJ., and HUBKA, GARROTTO, and ACH, District Judges.

HUBKA, District Judge.

This is an action in equity to void a transfer of land from School District No. 8 to School District No. 15, both districts being located in Keith County, Nebraska; and to recover for said School District No. 8 school tax money claimed to have been wrongfully paid to School District No. 15 arising by such void transfer.

Plaintiffs School District No. 8 and Donald Welch, Marvin Pullen, and James Perlinger, members of the school board, residents, taxpayers, and electors of School District No. 8, alleged in the first cause of action of their amended petition that the county superintendent, county clerk, and county treasurer of Keith County, Nebraska, on a freeholder's petition and without statutory notice detached Section 1, Township 13 North, Range 37, in Keith County, Nebraska, from School District No. 8, and attached it to defendant School District No. 15; and that the transfer was void and the property was erroneously assessed since 1951. The second cause of action prayed for an accounting for school taxes on property in Section 1 paid to defendant School District No. 15 because of the purported transfer.

The trial court sustained defendants', School District No. 15 and Keith County, Nebraska, demurrers to plaintiff's, School District No. 8, amended petition. School District No. 8 failed to amend its amended petition or to further plead and it was later dismissed.

The district court found: That the transfer of property was void for want of statutory notice; that the total assessed value of each school district was erroneous since 1951; that each district presumably established budgets according to law; that the board of equalization of Keith County duly fixed the mill levy for each school district

according to the assessed value reported to said board; that any discrepancies in the extension of the valuations for tax purposes did not cause any reduction in funds accruing to School District No. 8; and that no landowners have applied for refund of illegal assessments of taxes. It ordered the second cause of action of plaintiffs Donald Welch, Marvin Pullen, and James Perlinger be dismissed; the defendant Keith County, Nebraska, to correct its records to reflect the invalidity of the transfer of said Section 1; and ordered the action of plaintiff School District No. 8 dismissed. From this judgment, plaintiffs appeal.

The facts are not in dispute. On July 21, 1951, Mrs. Helen Paddock signed a freeholder's petition to change the school district boundaries. On July 21, 1951, an order detaching the property from School District No. 8 and transferring it to School District No. 15 was entered. Taxpayers in Section 1 paid real and personal school taxes to the county treasurer of Keith County, Nebraska, from December 28, 1951, to and including the year 1966, which have been credited to School District No. 15. School District No. 15 prepared a budget for each year as required by law. All the school tax money was expended by School District No. 15 for the purpose of educating children within School District No. 15, including any children living on the disputed land. There were school age children living on Section 1 and attending District No. 15 from 1951 to the year 1959, since that time no school age children have resided on Section 1. Each school district is a Class I district.

This proceeding is a collaterial attack on the transfer of Section 1 from School District No. 8 to School District No. 15.

On July 21, 1951, the filing date of the freeholders' petition, section 79-403, R. R. S. 1943, amended by the Legislature in 1951, required that a notice of filing of the petition and of the hearing thereon before the board be given at least 10 days prior to such hearing by one

publication in a newspaper of general circulation in such district and by posting a notice on the outer door of the schoolhouse in each district affected thereby, which notice shall designate the territory to be transferred.

To give the board jurisdiction, a petition must be filed and notice given. State ex rel. School Dist. No. 1 v. School Dist. No. 19, 42 Neb. 499, 60 N. W. 912. It was established that a public notice was not given and posting of notices was not had as required by the statute. We hold the petition was properly filed but hearing proceeded irregularly without a notice as required by statute and the district court was correct in finding that transfer of Section 1 was null and void.

Plaintiffs Donald Welch, Marvin Pullen, and James Perlinger contend that the court erred in dismissing plaintiffs' second cause of action for damages and an accounting of school tax money received by School District No. 15.

The statutes for each year 1951 to 1966 required that the school board of each school district shall, prior to the annual school district meeting, prepare a budget for the operation and maintenance of school during the ensuing school year sufficient to maintain the same in the manner provided by law; and the school board shall make and deliver to the county superintendent and the county clerk for the use of the county board of equalization of each county a certificate in writing signed by the secretary of the school board containing a copy of the budget as finally adopted and approved. The certificates shall include a statement showing the amount of funds necessary to be raised by a tax levy, as shown by the budget for the district, and to be collected by the treasurer at the same time and in the same manner as state and county taxes are collected.

School districts are not private corporations. While they hold title to school sites and schoolhouses, etc., they do not enjoy the general property rights of natural persons. They are merely legislative agents to receive

and disburse what the Legislature provides for them through administration of a taxation scheme by another set of legislative agents. The territory of a state is divided into school districts or their equivalent, and the schools of each district are supported by taxes on the property of that district. In order to enable them to discharge their functions, school districts are constituted quasi-municipal corporations with boards of officials for governing bodies.

The question at issue is whether school tax money received by one district from lands apparently, but not legally, within its exterior boundaries, levied and collected for its uses and purposes and devoted to the purpose of education of school children, can be recovered by a school district within whose territory the land actually lies, where both districts involved obtained exactly the amount of school tax money for which their budget called, and neither district obtained or had the use of money intended for the other.

So far as the evidence in the case at bar is concerned, each district in this action had and enjoyed all the money necessary for its uses and purposes, and no money was paid by mistake to School District No. 15 derived from taxes levied and collected for the uses and purposes of the plaintiffs as no such taxes were levied or collected.

The authorities sustain the rule that money received by one school district from lands apparently, but not legally, within its exterior boundaries, levied and collected for its uses and purposes and devoted to its uses and purposes, cannot be recovered by a district within whose territory the lands actually lie, where no levy had been made or taxes collected for its uses and purposes, and where both districts involved obtained exactly the amount of money for which their budget called, and neither district obtained or had the use of money intended for the other. Fall River Joint Union High School Dist. v. Shasta Union High School Dist. (1930),

104 Cal. App. 444, 285 P. 1091; Fort Wayne Community Schools v. State of Indiana ex rel. New Haven Public Schools (Feb. 9, 1968), — Ind. —, 233 N. E. 2d 636; Pleasant View Reorganized School Dist. No. 1 of Green County v. Springfield Reorganized School Dist. (Mo. 1961), 341 S. W. 2d 853; School District of Terre Haute v. Harrison School Township, 184 Ind. 742, 112 N. E. 514; Board of Education of Lyme Township v. Board of Education of Special School Dist. No. 1, 44 Ohio 278, 7 N. E. 12; School Directors of Dist. No. 153 v. School Directors of Dist. No. 154, 232 Ill. 322, 83 N. E. 849; Lepanto School Dist. v. Marked Tree School Dist., 173 Ark. 82, 291 S. W. 1006.

Plaintiffs contend that Peterson v. Hancock, 155 Neb. 801, 54 N. W. 2d 85, and Lindgren v. School Dist. of Bridgeport, 170 Neb. 279, 102 N. W. 2d 599, constitute and support right to recover for School District No. 8. These cases do not present an issue with respect to school district budgeting, the spending and the using of school tax money for educational purposes within a budget. In other cases relied on by the plaintiffs there was wrongful distribution of funds; misappropriation resulting in the withholding of the funds or payment to a party who thereby received more than its share of revenue to which it was entitled. We are compelled to observe that the fact situation presented and the law therein considered are removed from the facts and issue of law with which we are here confronted.

Taxpayers who paid real and personal property taxes from 1951 to 1966 in Section 1 of School District No. 8 are not parties to this action and have not objected or complained about their respective payment of taxes. Plaintiffs Donald Welch, Marvin Pullen, and James Perlinger have made no claim for any taxes that any one of them have paid, voluntarily or under protest, they only appear as representatives of School District No. 8. In the absence of statute, taxes voluntarily paid cannot be recovered. One who seeks to avail himself of statu-

tory right to recover from a county or school district a tax voluntarily paid must show a substantial compliance with the statute. Misle v. Miller, 176 Neb. 113, 125 N. W. 2d 512; Satterfield v. Britton, 163 Neb. 161, 78 N. W. 2d 817.

For the reasons stated, the judgment of the district court was correct and is affirmed.

AFFIRMED.