CHARLES SESEMANN ET AL., APPELLANTS, V. SAMUEL J.
HOWELL, JR., COUNTY TREASURER OF DOUGLAS COUNTY,
NEBRASKA, ET AL., APPELLEES.

241 N. W. 2d 119

Filed April 14, 1976. No. 40378.

Charles O: Forrest of Kneifl, Kneifl & Forrest, for appellants.

Roger R. Holthaus and Verne Moore, Jr., of Moore, Moore & Peters, and Gerald P. Laughlin of Baird, Holm, McEachen, Pedersen, Hamann & Haggart, for appellees.

Heard before WHITE, C. J., NEWTON, CLINTON, and BRODKEY, JJ., and KUNS, Retired District Judge.

CLINTON, J.

This is an action commenced in the District Court for Douglas County, Nebraska, on January 13, 1975, by the plaintiffs, who allege they are citizens of Douglas County, Nebraska, residing within School District No. 1 of Douglas County, to have the sum of $184,975.41 allegedly collected by the county treasurer of Douglas County in August 1973 from the Xerox Corporation for personal property taxes assessed in the years 1971 and 1972 and "presently credited to the school fund of Defendant, School District No. 66, . . . transferred and credited to the school fund of Defendant, School District No. 1, as required by sections 77-1201, 77-1202, 77-1218, R. R. S. of Nebraska, 1943, as amended." The defendants in this action are the two school districts above named, the county treasurer of Douglas County "as . . . ex-officio collector of taxes for Defendant School Districts," and the past and present tax assessors of Douglas County. We note that sections 77-1201, 77-1202, and 77-1218, R. R. S. 1943, cited in the petition, provide rules to determine situs for the taxation of personal property and do not provide for the transfer of tax funds from one district to another.

The defendant School District No. 66 demurred to the plaintiff's petition. The District Court sustained the demurrer. The plaintiffs elected not to amend and their petition was dismissed. They then perfected their appeal to this court. Only the plaintiffs and School District No. 66 have filed briefs and made appearances here. We affirm.

The petition, among other things, alleges that School District No. 66 at the appropriate time reported to the county board of Douglas County, Nebraska, its budgets for the years 1972 and 1973, the county board did levy the number of mills of tax necessary to provide the funds for said budgets, and that pursuant to the levies taxes were collected by the defendant treasurer; that during the 2 years mentioned the county assessor "as-

sessed personal property of the Xerox Corporation, to-wit, inventory, with the situs within School District No. 66, wherein in fact, the Xerox Corporation had removed their offices from the said School District No. 66 and transferred them to School District No. 1"; also, that the county treasurer collected from the Xerox Corporation the aforementioned amount of taxes; and by the way of conclusion: "That by reason of the controversy which has arisen between the Defendants as to their respective rights and duties under the taxing laws of the State of Nebraska, the Court should make a determination and enter a declaratory judgment with respect thereto, pursuant to Section 25-21,149, et seq., R. R. S., 1943, as amended."

The plaintiffs' petition does not contain any allegation that School District No. 1 has not received from the county treasurer for the years in question the full amount of tax funds budgeted and levied on its behalf. It makes no allegation that plaintiffs have made any demand upon the school board of School District No. 1 to take any action on its own behalf, nor does it allege any refusal on its part to act.

The plaintiffs devote their brief to attacking the various reasons given by the trial court for its action. They have not responded to the brief of the school district which supports the action of the trial court on various additional grounds as well. It is unnecessary to consider all the possible grounds which support the order sustaining the demurrer, so we deal only with the two grounds we feel are the most important and significant. These are: (1) The absence of right as disclosed by allegations of the petition of the plaintiffs to bring the action on behalf of School District No. 1. (2) The absence of right as disclosed by allegations of the plaintiffs' petition to sue on their own behalf.

Two principles previously announced by this court support the first ground. If we assume that the plaintiffs were at all pertinent times taxpayers of School District

No. 1 (the petition contains no such allegation), it was nonetheless necessary for them to allege that they had made a demand upon the officers of the district to bring an action to recover the improperly credited funds. Ordinarily a demand upon the responsible officers of a governmental subdivision or municipal corporation that they take action is necessary and a condition precedent to the right of a taxpayer to maintain an action for the recovery of funds on behalf of the governmental entity. Scheschy v. Binkley, 124 Neb. 87, 245 N. W. 267. Such a demand is not required only where it would have been useless to make one. Taxpayers' League v. Wightman, 139 Neb. 212, 296 N. W. 886. Plaintiffs have pleaded neither a demand made by them and a refusal by the district, nor any facts which would show that such a demand was useless.

The second applicable principle was announced in School Dist. No. 8 v. School Dist. No. 15, 183 Neb. 797, 164 N. W. 2d 438. The petition in this case pleads no facts which would show that School District No. 1 had a right at the time this action was commenced to have the funds transferred from School District No. 66 to School District No. 1. In School Dist. No. 8 v. School Dist. No. 15, *supra,* land which was legally in School District No. 8 was erroneously assessed in School District No. 15. We there held: "The authorities sustain the rule that money received by one school district from lands apparently, but not legally, within its exterior boundaries, levied and collected for its uses and purposes and devoted to its uses and purposes, cannot be recovered by a district within whose territory the lands actually lie, where no levy had been made or taxes collected for its uses and purposes, and where both districts involved obtained exactly the amount of money for which their budget called, and neither district obtained or had the use of money intended for the other." The fact that in this case personal property may have been assessed in the wrong district does not make the principle inappli-

cable. Plaintiffs have alleged no facts which would make this principle inapplicable in this case.

It seems but common sense to say that if School District No. 1 has no right to bring this action, the plaintiffs' right as its claimed representative can rise no higher. Taxpayers, whose right to sue to protect the interests of the school district arising out of the failure or refusal of the officers to do so, have no greater right to sue to protect such interests than the designated officials have. See Davis v. White, 171 Ark. 385, 284 S. W. 764. Policy considerations which would deny the right of School District No. 1 to relief at this late date are well summarized in the dissenting opinion in School Dist. No. 8 v. Board of Education, 115 Kan. 806, 224 P. 892: "Giving property a wrong situs on the assessment roll occurs so frequently the legislature was obliged to provide a remedy. The mistake being administrative, the remedy provided is administrative. As a practical matter, all tax schemes must be closed against error and irregularity at some time, even though some inequality result. After administrative correction, adequate to meet every public and private need, is barred, the courts ought not to interfere.

"Should plaintiff recover, it will not be to make up any deficiency in its school money for 1918 or 1919. The effect of the judgment will simply be to place to plaintiff's credit a sum of money which will enable it to reduce its tax levy for 1924, on property then in its territory. The sum must be raised by a special levy for 1924, on property then in defendant's territory. The property in neither district will be the same as six years ago. Taxpayers will suffer who were not benefited by the assessor's mistake, and taxpayers will be benefited who did not suffer. The whole matter is stale, and the court's decision will create precisely the kind of disturbance which, as a matter of public policy, the legislature undertook to prevent, and will be an invitation to barratry." An administrative remedy was available

in this case. Section 77-1216, R. R. S. 1943, provides in part as follows: "Questions that may arise as to the proper place to list personal property shall be determined as follows: (1) If between several places in the same county, the place for listing and assessing shall be determined and fixed by the county board; . . . ." We hold that the plaintiffs did not plead a cause of action which would permit them to bring this action on behalf of School District No. 1.

Do the plaintiffs have the right to sue on their own behalf? If we assume that the plaintiffs bring this action on their own behalf as taxpayers, policy considerations identical and similar to those just stated weigh against such a right.

In addition we note the following considerations. The practical effect of assessing property in the wrong district for those taxpayers subject to tax in the district in which the assessment should have been made is the same as if the property of others taxable in that district had been undervalued. The statutes of Nebraska offer an administrative remedy in the latter instance. Section 77-1503, R. R. S. 1943, provides: "The county board of equalization shall . . . equalize the valuation of the personal property . . . and . . . on the application of any person who shall deem himself aggrieved or who shall complain that another is assessed too low, review the assessment and correct the same as shall appear to be just." Section 77-1216, R. R. S. 1943, previously cited, does not specifically state who may timely challenge an assessment made in the wrong district, however, the provisions of section 77-1503, R. R. S. 1943, would seem to set the legislative policy and would indicate that District No. 1 and the plaintiffs had an adequate remedy at law under section 77-1216, R. R. S. 1943, had it been timely pursued. For an analogous situation see State ex rel. Hepperla v. Glander, 160 Ohio St. 59, 113 N. E. 2d 357. We hold that the plaintiffs were not, un-

der the facts pleaded, entitled to declaratory relief in the District Court.

AFFIRMED.