NEBRASKA SCHOOL DISTRICT NO. 148 ET AL., APPELLANTS, V. LINCOLN AIRPORT AUTHORITY ET AL., APPELLEES.

371 N.W.2d 258

Filed July 26, 1985.   No. 84-287.

Beverly Evans Grenier of Steven D. Burns, P.C., for appellants.

Michael R. Johnson of Barney, Carter & Johnson, P.C., William G. Blake, Chief Assistant Lincoln City Attorney, John F. Sheaff, and Gary Dolan, for appellees.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

GRANT, J.

This is an appeal from the decision of the Lancaster County District Court sustaining the individual demurrers of the defendants to plaintiffs' second amended petition. The defendants-appellees are the Lincoln Airport Authority, a duly constituted airport authority created by the City of Lincoln pursuant to Neb. Rev. Stat. § 3-502 et seq. (Reissue 1983); the individual members of the board of the Lincoln Airport Authority; the City of Lincoln, Lancaster County, Nebraska; Goldie M. England; and First National Bank & Trust Company. Each demurred to the petition filed by the plaintiffs-appellants. The plaintiffs are Nebraska School District No. 148, organized under Neb. Rev. Stat. § 79-426.19 (Reissue 1981) and located in Seward and Lancaster Counties in Nebraska; Al Schulz, a taxpayer of School District No. 148, who owns land in the district; and Billy J. Langan, a resident taxpayer and real estate owner in the City of Lincoln, Lancaster County. The petition sought declaratory and injunctive relief concerning specific real estate acquisitions made by the Lincoln Airport Authority.

The petitioners' second amended petition was filed on January 30, 1984. All defendants demurred on the grounds that the second amended petition failed to state facts sufficient to constitute a cause of action and that there was an improper joinder of causes of action. Defendant First National Bank & Trust Company and defendant Goldie M. England demurred on the additional grounds that there was an improper joinder of parties and that no relief was sought against First National Bank and England. Defendant Lincoln Airport Authority

demurred on the additional ground that the plaintiffs School District No. 148 and Al Schulz lacked standing to bring this action. Other defendants named in the petition did not file a response to petitioners' second amended petition and are not before this court.

The district court, without setting out specific grounds, sustained the demurrers of all the defendants and gave the petitioners 10 days to amend their petition or have the case dismissed for failure to do so. Plaintiffs chose to stand on their second amended petition. The petition was dismissed, and plaintiffs timely appealed to this court.

We affirm the decision of the trial court, finding that plaintiffs School District No. 148 and Schulz lack standing to invoke the jurisdiction of a court and that Billy J. Langan, who has standing to bring a resident taxpayer's action in equity, has failed to plead facts which state a cause of action.

In reviewing a case decided on a demurrer, we consider all proper allegations of fact to be true. *Hall v. Cox Cable of Omaha, Inc.*, 212 Neb. 887, 327 N.W.2d 595 (1982). Therefore, we assume the facts as alleged in "CAUSE OF ACTION I" of the petition to be true. Those facts are that the Lincoln Airport Authority Board acquired property without a present plan or purpose for it to be used by any project conducted or planned by the Lincoln Airport Authority.

The petition states, in pertinent part, that the Lincoln Airport Authority Board, pursuant to a motion and resolution on December 20, 1983, authorized the acquisition of specific property without a present plan or purpose for the property, contrary to § 3-503(4); that the acquisition will increase the tax burden; and that there is no adequate remedy at law for the injury inflicted.

Before any party can invoke the jurisdiction of the court, he must have standing to sue, which is having some real interest in the cause of action, or a legal or equitable right, title, or interest in the subject matter of the controversy. *Hall v. Cox Cable of Omaha, Inc., supra.* To establish standing to bring suit it is necessary to show that a party is in danger of sustaining direct injury as a result of anticipated action, and it is not sufficient that one has merely a general interest common to all members

of the public. *First Fed. Sav. & Loan Assn. v. Department of Banking,* 187 Neb. 562, 192 N.W.2d 736 (1971). There is an exception to the general interest prohibition where a resident taxpayer (who has a general interest with other taxpayers) sues to enjoin an illegal act by a municipal body. In *Martin v. City of Lincoln,* 155 Neb. 845, 850, 53 N.W.2d 923, 926 (1952), we noted:

> Another established principle, which is conceded by defendants, is that a resident taxpayer may invoke the interposition of a court of equity to prevent the illegal disposition of money of a municipal corporation or the illegal creation of a debt which he, in common with other property holders, may otherwise be compelled to pay. . . .
>
> Another principle is that a resident taxpayer without showing any interest or injury peculiar to himself may bring an action to enjoin the illegal expenditure of public funds raised for governmental purposes.

The standing of a party to bring an action must be based on a special injury to himself or on his status as a resident taxpayer. Billy J. Langan, a resident taxpayer of the City of Lincoln, under which the Lincoln Airport Authority was formed, has standing to bring an action. His position as a plaintiff was not specifically challenged by the defendants.

The Lincoln Airport Authority's demurrer challenged the standing of School District No. 148 and Schulz, a resident taxpayer and owner of real estate in School District No. 148. Plaintiffs School District No. 148 and Schulz do not have standing as resident taxpayers, since neither is a resident taxpayer of the municipality whose subdivision made the alleged illegal acquisition, and as a result the school district and Schulz are not subject to an increased tax burden or public loss from the expenditure. Neither the school district nor Schulz has a special injury which permits the bringing of an action against the Lincoln Airport Authority. The school district will not lose money as a result of the acquisition. The fact that there is less available land on which to levy the tax does not mean the district gets less money than it budgets, although the district may be faced with a practical problem in that the levy on the remaining property may have to be raised—always a painful

problem for a taxing authority. The district therefore has no requisite injury to give it standing.

Plaintiff Schulz has not pled a special injury different from that of the general public in School District No. 148. As stated above, he does not allege that he is a resident taxpayer of Lincoln, Nebraska. Therefore, Schulz has no standing to challenge the actions of the Lincoln Airport Authority.

Billy J. Langan is the only plaintiff who has standing to invoke the jurisdiction of the court. He has pled no facts which give him standing because of a special injury, but only facts which allow him, as a resident taxpayer, to bring a resident taxpayer's action as a representative of the municipality for an illegal expenditure of public funds or an illegal increase in the burden of taxation.

Since 1901, we have recognized that a taxpayer, for the benefit of a municipal or public corporation, may commence and prosecute to judgment an equitable action to enforce a right of action which the governing body has refused to enforce. *Shepard v. Easterling*, 61 Neb. 882, 86 N.W. 941 (1901), *overruled on other grounds*, *Wilson v. Otoe County*, 71 Neb. 435, 98 N.W. 1050 (1904). See, also, *Fischer v. Marsh*, 113 Neb. 153, 202 N.W. 422 (1925); *Taxpayers' League v. Wightman*, 139 Neb. 212, 296 N.W. 886 (1941).

To plead a resident taxpayer's action the plaintiff must allege a demand made upon the municipal or public corporation and a refusal by the corporation to bring the action itself, or facts which show that such a demand would be useless. *Sesemann v. Howell*, 195 Neb. 798, 241 N.W.2d 119 (1976). A demurrer is not sufficient to show that a demand would be useless. *Lake v. Piper, Jaffray & Hopwood Inc.*, 212 Neb. 570, 324 N.W.2d 660 (1982). Langan has not pled such a demand or facts to show a demand would be useless, and therefore he has not pled facts sufficient to state a cause of action under "CAUSE OF ACTION I."

"CAUSE OF ACTION II" states that "the action of the Defendants effectuates a change in the boundaries of School District #148. The Defendants have not complied with the procedures set forth in Neb. Rev. Stat. §49-402 et seq. to effectuate such boundary change." This bare conclusion does

not withstand a demurrer, as there are no facts pled which show School District No. 148's boundaries were changed. Contrary to the plaintiffs' inference, while sale of real property in a school district to a governmental entity makes the property exempt from taxation, there is nothing in Nebraska law which indicates such property is no longer in a school district.

"CAUSE OF ACTION III" alleges only that "an actual and justiciable controversy exists," and contains no factual allegation other than those incorporated from causes I and II; thus it does not state facts sufficient to constitute a separate cause of action.

School District No. 148 and Schulz have no standing to invoke the jurisdiction of this court, and Langan, who has standing as a resident taxpayer, has not pled facts sufficient to state a cause of action. The demurrers of the various defendants were properly sustained. In view of this disposition of the defendants' demurrers, it is not necessary to address the other grounds on which those demurrers were based. The action of the trial court was correct and is affirmed.

AFFIRMED.