KOHL'S DEPARTMENT STORES, APPELLANT, V.
DOUGLAS COUNTY BOARD OF EQUALIZATION, APPELLEE.

638 N.W.2d 877

Filed January 29, 2002.   No. A-01-403.

Michael L. Schleich, of Fraser, Stryker, Meusey, Olson, Boyer & Bloch, P.C., for appellant.

James S. Jansen, Douglas County Attorney, and James R. Thibodeau for appellee.

IRWIN, Chief Judge, and INBODY and CARLSON, Judges.

IRWIN, Chief Judge.

## I. INTRODUCTION

At issue is the proper valuation for the 2000 tax year of the store owned by Kohl's Department Stores (Kohl's) and located at 3551 Oakview Drive, Omaha, Douglas County, Nebraska (Oakview Property). After the Oakview Property was assessed, Kohl's protested the assessed value of the property to the Douglas County Board of Equalization (Board). The Board granted Kohl's partial relief, but denied the remaining objections. Thereafter, Kohl's appealed to the Nebraska Tax Equalization and Review Commission (TERC). After a hearing, the TERC affirmed the decision of the Board. For the reasons stated below, we affirm.

## II. BACKGROUND

We generally describe the facts and testimony from the hearing before the TERC below. Additional facts necessary for the resolution of this appeal will be set forth in the analysis.

The land for the Oakview Property was purchased between 1994 and 1995, and the store was built in 1996. In 2000, Douglas County assessed the Oakview Property at $7,054,500. Kohl's protested this amount to the Board. The record reveals that Kohl's objections to the Board included the assessed value for the building and the land. The Board reduced the assessment by 7 percent. We note this 7 percent reflects the amount of increase ordered by the TERC on all commercial property for tax year 2000. The Board denied Kohl's other objection, and Kohl's appealed the Board's decision to the TERC.

At the TERC hearing, Kohl's asked the TERC to take judicial notice of four cases, which included proposed comparable properties, that were decided in late 2000 or early 2001. Kohl's argued that these cases from the tax year 1999 were relevant to Oakview Property's current valuation. The TERC denied Kohl's request, stating that these four cases were not relevant to the valuation of the Oakview Property. In support of its appeal, Kohl's offered the testimony of Daniel Campbell, director of real estate expense at Kohl's, and Mark Kriglstein, real estate appraiser for the Douglas County assessor's office. The Board did not produce any witnesses to testify on its behalf.

Campbell generally testified that the county's assessment overvalued the land and the building. Campbell opined that the actual value of the property and building was $4,724,246. In direct examination, Campbell stated why he thought the county's assessment was incorrect. On cross-examination, Campbell testified that he was not familiar with the area surrounding the Oakview Property or the Omaha area.

Kriglstein testified that he valued the Oakview Property using a cost approach. This valuation is what the Board based its decision on. Kriglstein stated that he later valued the Oakview Property using an "income and sales comparison approach" to test the information provided by Campbell.

At the conclusion of Kohl's presentation of evidence, the Board moved to dismiss the appeal. The Board argued that Kohl's failed to rebut the statutory presumption that states the TERC should affirm the Board's decision unless it is arbitrary or unreasonable. See *Garvey Elevators v. Adams Cty. Bd. of Equal.*, 261 Neb. 130, 621 N.W.2d 518 (2001). The TERC granted the

Board's motion to dismiss at the conclusion of Kohl's presentation of evidence. This timely appeal followed.

## III. ASSIGNMENTS OF ERROR

On appeal, Kohl's has assigned three errors, which are reordered for discussion. First, Kohl's asserts the TERC erred in applying the statutory presumption to the Board's assessment. Second, Kohl's asserts that the TERC erred when it dismissed Kohl's appeal for failure to overcome the statutory presumption. Finally, Kohl's asserts the TERC erred when it refused to take judicial notice of four of its prior decisions.

## IV. ANALYSIS

### 1. STANDARD OF REVIEW

■ We review the decision of the TERC for error appearing on the record. See Neb. Rev. Stat. § 77-5019(5) (Cum. Supp. 2000). When reviewing an order for errors appearing on the record, an appellate court's inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. *Harrison Square v. Sarpy Cty. Bd. of Equal.*, 6 Neb. App. 454, 574 N.W.2d 180 (1998); *In re Conservatorship of Estate of Marsh*, 5 Neb. App. 899, 566 N.W.2d 783 (1997).

■ In a court's review of evidence on a motion to dismiss, the nonmoving party is entitled to have every controverted fact resolved in his or her favor and to have the benefit of every inference which can be reasonably drawn therefrom, and where the plaintiff's evidence meets the burden of proof required and the plaintiff has made a prima facie case, the motion to dismiss should be overruled. *Jessen v. DeFord*, 3 Neb. App. 940, 536 N.W.2d 68 (1995). See *King v. Crowell Memorial Home*, 261 Neb. 177, 622 N.W.2d 588 (2001).

### 2. APPLYING PRESUMPTION

Kohl's contends that the TERC erred in applying the presumption because the assessor did not personally inspect the Oakview Property. Neb. Rev. Stat. § 77-1511 (Reissue 1996) states that the TERC "shall affirm the action taken by the board unless evidence is adduced establishing that the action of the board was unreasonable or arbitrary." The Supreme Court has

held this to mean that there is a presumption that a board of equalization has properly performed its official duties and that in making an assessment, it has acted upon sufficient competent evidence to justify its action. *Garvey Elevators, supra.*

Kriglstein stated during his testimony that he did not personally inspect the "non-public areas" of the property before the Board hearing. However, he did testify that the property had been inspected when the "building [was] new and we [got] the building permit and we [got] all of the characteristics [from] an appraiser from our office." Case law has established that it is not unreasonable to rely on another appraiser's physical measurements. *Cabela's, Inc. v. Cheyenne Cty. Bd. of Equal.*, 8 Neb. App. 582, 597 N.W.2d 623 (1999). Additionally, Kriglstein testified that subsequent to the Board's hearing but prior to the TERC hearing, he inspected the "nonpublic" areas of the Oakview Property. Kriglstein stated at the hearing that there were no "surprises" at the Oakview Property. Kriglstein testified that everything at the Oakview Property was just as he believed it was before the Board hearing. We find the TERC's decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. Therefore, this assigned error is without merit.

### 3. EVIDENCE TO REBUT STATUTORY PRESUMPTION

Kohl's also contends that Campbell's testimony valuing the property at $4,724,246 was competent evidence to rebut the statutory presumption. Kohl's argues that Campbell's testimony should be credited because he is an "owner who is familiar with his property and knows its worth." Brief for appellant at 7. Kohl's also asserts that Campbell's testimony should be credited because he used one of the prescribed methods under Neb. Rev. Stat. § 77-112 (Cum. Supp. 2000). The record shows that the TERC explicitly rejected Campbell's opinion.

The Nebraska Supreme Court in *US Ecology v. Boyd Cty. Bd. of Equal.*, 256 Neb. 7, 588 N.W.2d 575 (1999), held that an owner may testify to the worth of his or her property if the owner is familiar with the property and knows the worth. A corporate officer or president is not, as such, qualified to testify as to value of corporate property. In order to qualify, he or she must be shown to be familiar with the property and have a knowledge

of values generally in the vicinity. *First Baptist Church v. State*, 178 Neb. 831, 135 N.W.2d 756 (1965). See, also, *US Ecology, supra*. Campbell testified that he was not very familiar with the Omaha area, but believed that the land value of the Oakview Property had not increased since 1996. Campbell also admitted that his only basis for this testimony was his knowledge of the Oakview Property, not his knowledge of the Omaha area.

The TERC found Campbell was not "competent, in the legal sense, to testify as to the value of the land or the change, if any, in construction costs in Omaha, Nebraska, between 1996 and 2000." To the extent Kohl's challenges the TERC's finding that Campbell was not competent, this assertion is meritless. The evidence presented to the TERC establishes that Campbell did not have the requisite knowledge to testify about land values in the Omaha area. The TERC did not err in granting the motion to dismiss because there was no competent evidence before the TERC to rebut the statutory presumption. Therefore, this assigned error is without merit.

### 4. JUDICIAL NOTICE OF PRIOR PROCEEDINGS

Next, Kohl's asserts that the TERC erred when it refused to take judicial notice of its findings in four other cases. The assessments Kohl's asked the TERC to take judicial notice of were for the tax year 1999. Kohl's argues that the case law only prohibits looking at prior assessments of the *same* property to prove a subsequent year's value. Kohl's contends the case law allows the TERC to use prior assessments of other property to prove the Oakview Property is overvalued. The Board objected to the TERC taking judicial notice of these findings stating that it would be speculative for the TERC to assume the property values of these four cases would not change in the year 2000.

▮ The TERC found the prior assessments were not relevant to the current year's valuation. See, *Affiliated Foods Co-op v. County of Madison*, 229 Neb. 605, 428 N.W.2d 201 (1988); *DeVore v. Board of Equalization*, 144 Neb. 351, 13 N.W.2d 451 (1944) (holding that prior assessment is not admissible to prove value of real estate under subsequent assessment). We find that Kohl's argument is not compelling. It is illogical that a prior assessment of the Oakview Property is not relevant to the current

assessment, but prior assessments of other properties are relevant to the current assessment. Therefore, we find the TERC's decision was supported by competent evidence, conforms to the law, and is neither arbitrary nor capricious. This assigned error is without merit.

## V. CONCLUSION

The TERC did not err when it found the statutory presumption applied to the findings of the Board. The TERC also did not err when it found Kohl's did not present competent evidence to rebut the statutory presumption. Finally, the TERC properly refused to take judicial notice of four prior decisions because they were not relevant to the Oakview Property's valuation.

AFFIRMED.