Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
02/10/2017 09:11 AM CST

David Leon Frederick, appellant, v. City of
Falls City, a city and political subdivision
of the State of Nebraska, and Falls City
Economic Development and Growth
Enterprise, Inc., appellees.

___ N.W.2d ___

Filed February 10, 2017.    No. S-16-236.

1. **Pleadings: Judgments: Appeal and Error.** An appellate court reviews
   the denial of a motion to reopen a case for an abuse of discretion.
2. **Trial: Evidence.** Among factors traditionally considered in determin-
   ing whether to allow a party to reopen a case to introduce additional
   evidence are (1) the reason for the failure to introduce the evidence, i.e.,
   counsel's inadvertence, a party's calculated risk or tactic, or the court's
   mistake; (2) the admissibility and materiality of the new evidence to
   the proponent's case; (3) the diligence exercised by the requesting
   party in producing the evidence before his or her case closed; (4) the
   time or stage of the proceedings at which the motion is made; and (5)
   whether the new evidence would unfairly surprise or unfairly prejudice
   the opponent.

Appeal from the District Court for Richardson County:
Daniel E. Bryan, Jr., Judge. Affirmed.

Stephen D. Mossman, J.L. Spray, and Ryan K. McIntosh, of
Mattson Ricketts Law Firm, for appellant.

Michael R. Dunn, of Halbert, Dunn & Halbert, L.L.C., for
appellee City of Falls City.

Bonnie M. Boryca, of Erickson & Sederstrom, P.C., for appellee Falls City Economic Development and Growth Enterprise, Inc.

HEAVICAN, C.J., WRIGHT, MILLER-LERMAN, CASSEL, STACY, KELCH, and FUNKE, JJ.

KELCH, J.

## NATURE OF CASE

After David Leon Frederick learned that the City of Falls City, Nebraska, did not produce all requested records in its possession pursuant to his public records request, Frederick filed a motion to reopen his case against Falls City and the Falls City Economic Development and Growth Enterprise, Inc. (EDGE). In that case, Frederick unsuccessfully sought a writ of mandamus compelling the parties to produce documents in EDGE's possession. Frederick's motion to reopen the case was overruled, and Frederick appeals.

## FACTS

### BACKGROUND

Frederick is a Nebraska citizen and a resident of Richardson County, Nebraska. EDGE is a Nebraska nonprofit corporation. EDGE's articles of incorporation state that its goal is to "encourag[e] economic development and growth and improv[e] business conditions" in Falls City and surrounding areas. EDGE performs services for Falls City and Richardson County including, among other things, hosting, communicating with, and negotiating with business development prospects.

In April 2012, a national grain processing and transportation company contacted EDGE about the proposed development of a large grain terminal and transportation facility on a site in Richardson County. This site is located near an existing grain elevator co-owned by Frederick.

On August 29, 2012, pursuant to Neb. Rev. Stat. § 84-712 (Cum. Supp. 2012), Frederick sent a public records request to the Falls City administrator. Frederick requested all records in the physical custody of Falls City and EDGE relating to the processing and transportation company. The administrator provided records in the physical custody of Falls City and sent Frederick a letter stating, among other things, that Frederick was welcome to review the records at the city hall. The administrator also sent a copy of Frederick's request to EDGE's executive director. The director refused to provide the requested records to Frederick or Falls City, alleging that EDGE was not a public entity and that its records were not public records.

In January 2015, this court agreed with EDGE, finding that EDGE was not the "functional equivalent of a city agency, branch, or department" and that thus, the requested records were not "'public records'" within the meaning of Neb. Rev. Stat. § 84-712.01(1) (Reissue 2014).[1] We therefore reversed the district court's order, which had compelled EDGE to produce the requested records. Additional facts relevant to that appeal can be found in our opinion in *Frederick v. City of Falls City*.[2]

## Facts Relevant to Current Appeal

On December 23, 2015, Frederick filed a motion pursuant to Neb. Rev. Stat. § 25-2001 (Reissue 2016), which permits a party to vacate or modify a judgment of the district court or, in the alternative, under the court's equity powers, request to reopen the case against Falls City and EDGE. In his motion, Frederick asserted that Falls City did not produce all the documents in its possession and that if all requested documents

---

[1] *Frederick v. City of Falls City*, 289 Neb. 864, 878, 857 N.W.2d 569, 579 (2015).

[2] *Frederick v. City of Falls City, supra* note 1.

had been produced, Frederick could have taken certain actions to protect his interests.

One of the documents not produced was the document that was posted to give notice of a meeting of a Falls City community redevelopment authority committee. Pursuant to Frederick's records request, Falls City had supplied the meeting's minutes. The minutes indicated that a copy of the notice was attached. However, Frederick did not receive the notice pursuant to the August 2012 records request. It was not until Frederick was involved in another Richardson County District Court case against Falls City, No. CI12-206, that he received a copy of the notice. According to the notice, the meeting was to occur at 12 p.m. But, according to the minutes, the meeting occurred at 4 p.m. In Frederick's motion to reopen, he asserted that the meeting was not a properly noticed meeting under Neb. Rev. Stat. § 84-1411 (Cum. Supp. 2010) and that if the notice had been produced as requested, Frederick could have acted on Open Meetings Act violations.

Falls City and EDGE filed objections to Frederick's motion to reopen. The matter came on for hearing on January 26, 2016, and the district court denied Frederick's motion. Frederick timely appeals.

ASSIGNMENTS OF ERROR

Frederick assigns, combined and restated, that the district court erred in dismissing EDGE from the proceedings and that the district court abused its discretion in overruling Frederick's motion to reopen.

STANDARD OF REVIEW

[1] An appellate court reviews the denial of a motion to reopen a case for an abuse of discretion.[3]

---

[3] See, *Corman v. Musselman*, 232 Neb. 159, 439 N.W.2d 781 (1989); *Myhra v. Myhra*, 16 Neb. App. 920, 756 N.W.2d 528 (2008); *Jessen v. DeFord*, 3 Neb. App. 940, 536 N.W.2d 68 (1995).

## ANALYSIS

[2] The primary issue in this case is whether the district court abused its discretion in overruling Frederick's motion to reopen his case against Falls City and EDGE. Among factors traditionally considered in determining whether to allow a party to reopen a case to introduce additional evidence are (1) the reason for the failure to introduce the evidence, i.e., counsel's inadvertence, a party's calculated risk or tactic, or the court's mistake; (2) the admissibility and materiality of the new evidence to the proponent's case; (3) the diligence exercised by the requesting party in producing the evidence before his or her case closed; (4) the time or stage of the proceedings at which the motion is made; and (5) whether the new evidence would unfairly surprise or unfairly prejudice the opponent.[4]

As for Frederick's failure to introduce evidence, Frederick claims he "had no way of knowing that documents were withheld, or otherwise not produced."[5] However, as noted above, the meeting minutes that Frederick received from his original records request indicated that certain documents were to be attached. So, the fact that certain documents were not attached or produced was apparent in September 2012, when the case was still open. Moreover, the Falls City administrator, in his letter to Frederick, invited Frederick to review Falls City's records at the city hall; however, Frederick chose not to do so. Accordingly, the first and third factors do not weigh in Frederick's favor.

Perhaps the most dispositive factor in this case, though, is the second factor—the admissibility and materiality of the new evidence to the proponent's case. With respect to materiality, "[t]he evidence must substantially affect the outcome

---

[4] *State v. Stricklin*, 290 Neb. 542, 861 N.W.2d 367 (2015); *Jessen v. DeFord, supra* note 3 (citing 75 Am. Jur. 2d *Trial* § 298 (1991)).

[5] Brief for appellant at 7.

of the case, not only the merits of the action, but the trial court's decision as well."[6] Here, Frederick seeks to reopen a case in which he sought a writ of mandamus requiring Falls City and EDGE to "[p]rovide to Frederick the requested documents *in the physical custody of EDGE . . . .*" Upon reopening the case, Frederick seeks to introduce documents that were in Falls City's possession and that Falls City failed to produce. However, Frederick has failed to establish how these recently discovered documents would have any bearing on the issue of whether records within EDGE's possession should be produced.

In *Frederick*, we concluded that the records in EDGE's possession were not required to be produced because the records were not "'public records'" within the meaning of § 84-712.01.[7] We reached that conclusion by examining the relationship between Falls City and EDGE and determining that EDGE is "not the functional equivalent of an agency, branch, or department of Falls City."[8] The documents produced by an unrelated organization, which Frederick seeks to admit, do not relate to Falls City's relationship with EDGE and do not affect EDGE's status as a private entity. Therefore, the new evidence is not material to the case that Frederick seeks to reopen. Frederick claims, "Failure to reopen the case leaves Frederick without any remedy. The statute of limitations has passed on criminal prosecution of the violations."[9] However, the only specific relief requested in the operative complaint (other than a request for attorney fees) was for a writ of mandamus requiring Falls City and EDGE to provide requested documents in the physical custody of EDGE. And,

---

[6] 75 Am. Jur. 2d *Trial* § 299 at 534 (2007).

[7] *Frederick v. City of Falls City, supra* note 1, 289 Neb. at 878, 857 N.W.2d at 579.

[8] *Id.*

[9] Brief for appellant at 9.

as discussed above, those documents are not required to be released. Therefore, reopening the case would not lead to any remedy for Frederick.

Based on our review of the factors above, we conclude that the district court did not abuse its discretion in overruling Frederick's motion to reopen the case. Accordingly, we do not reach Frederick's remaining assignment of error, which was that the district court erred in dismissing EDGE from further proceedings.

## CONCLUSION

We determine that the district court did not abuse its discretion in overruling Frederick's motion to reopen his case against Falls City and EDGE. We therefore affirm.

AFFIRMED.